IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02948-RTG

AHMUAN WILLIAMS,

    Plaintiff,

v.

CITY OF AURORA,
JESSICA YATES, Office of Attorney Admissions,
JESSICA YATES, Office of Attorney Regulation,
JOHN DOE, Unnamed Bar Applicant,
DAVID KAPLAN,

    Defendants.

---

## ORDER

---

    The matter before the Court is Plaintiff's Motion to Restrict Public Access to Case Filings Pursuant to D.C.Colo.LCivR 7.2 (Motion to Restrict) (ECF No. 20) filed on February 13, 2025. Plaintiff, who proceeds *pro se* and has been granted e-filing privileges, submitted the Motion to Restrict as a Level 1 Restricted Document.

    Local rule of practice 7.2, D.C.COLO.LCivR governs motions to restrict public access. Generally, the public is entitled to access all documents filed with the Court. D.C.COLO.LCivR 7.2 (a). A motion to restrict public access must "address the interest to be protected and why such interest outweighs the presumption of public access" and "identify a clearly defined and serious injury that would result if access is not restricted." D.C.COLO.LCivR 7.2 (c)(2) and (3). Further, the motion to restrict public access itself "shall be open to public inspection . . . ." D.C.COLO.LCivR 7.2 (c).

The local rule recognizes that there is a presumptive right of public access to court filings and proceedings.

> The presumption of public access recognized and promoted by the local rule finds its root in the common law rights of access to judicial proceedings and to inspect judicial records-rights which are "beyond dispute." *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1067 (3d Cir. 1984). The reason for the presumption of open access to court proceedings is easily understood. "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 509, 104 S. Ct. 819, 78 L. Ed.2d 629 (1984). The public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly. *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

*Huddleson v. City of Pueblo*, 270 F.R.D. 635, 636 (D. Colo. 2010).

Of course, the public's right of access is not absolute. *See United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). The court has discretion to "seal documents if the public's right of access is outweighed by competing interests." *Id.* The court exercises this discretion "in light of the relevant facts and circumstances of the particular case." *Id.*

In the Motion to Restrict, Plaintiff states that the "subject matter of this case directly pertains to Plaintiff's bar admission process," that "public access to the case filings would undermine the confidentiality protections" set forth in Colo. R. Civ. P. 206(6), and that "[i]f public access is not restricted, Plaintiff will suffer significant harm." (ECF No. 20 at 1).

The Court finds that the motion to restrict access fails to comply with D.C.COLO.LCivR 7.2(c). As an initial matter, the motion was improperly filed as a restricted document. *See* D.C.COLO.LCivR 7.2(c). Further, Plaintiff's allegations are

entirely too vague and conclusory to overcome the presumptive right of public access to court filings and proceedings and to warrant restriction.  The Court further notes that Colo. R. Civ. P. 206(6) pertains to petitions to the Colorado Supreme Court for waiver of attorney admissions.  Although Colo. R. Civ. P. 203.1(2) provides that information contained on applications for a license to practice law in Colorado shall be deemed confidential, no law license application has been submitted to the Court for filing in this action.

Accordingly, it is

ORDERED that Plaintiff's Motion to Restrict Public Access to Case Filings Pursuant to D.C.Colo.LCivR 7.2 (ECF No. 20) is DENIED.  It is

FURTHER ORDERED that the Clerk of Court is DIRECTED to remove the restricted status of ECF No. 20.

DATED February 19, 2025.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge