IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02948-RTG

AHMUAN WILLIAMS,

    Plaintiff,

v.

CITY OF AURORA,
JESSICA YATES, Office of Attorney Admissions,
JESSICA YATES, Office of Attorney Regulation,
JOHN DOE, Unnamed Bar Applicant,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Ahmuan Williams has filed *pro se* a Complaint. (ECF No. 19). He has paid the filing fee. (ECF No. 11). The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Plaintiff will be directed to file an amended complaint if he wishes to pursue any claims in this action.

**I. The Complaint**

Plaintiff asserts claims under 42 U.S.C. § 1983 as well as supplemental state law claims. Plaintiff's allegations pertain to his application for admission to the Colorado bar. Plaintiff alleges that during the July 2023 Colorado bar exam, another test-taker, Defendant John Doe, sat in Plaintiff's chair and spat in his drink, and Plaintiff had to

forcibly remove him from the seat.  (ECF No. 19 at 7-8).  He alleges that Defendant Yates, the head of the Colorado Office of Attorney Admissions (OAA), failed to intervene or "create an administrative complaint to address the incident" which was "aimed at preventing Plaintiff from entering the legal profession" because Plaintiff is from Oklahoma, a Republican state, and is a Republican activist.  (*Id*. at 10-11).  He asserts that the "hostile environment" negatively impacted his exam score.  (*Id*.).  He further alleges that Defendant the City of Aurora created fake criminal records pertaining to Plaintiff which are "currently being employed to disqualify Plaintiff's bar application."  (*Id.* at 3).  He further asserts that the attorney who represented him in the OAA character and fitness inquiry, Defendant Kaplan, committed malpractice under state law by missing deadlines and refusing to challenge the inaccuracies in the criminal records.  (*Id.* at 27).  Plaintiff alleges that on "10/23/2024 the panel denied Plaintiff's application for a law license . . . ."  (*Id*. at 30).

Plaintiff asserts five claims for relief, for:  (1) battery and negligence under state law, (2) negligent infliction of emotional distress under state law, (3) violation of the Privileges and Immunities Clause, (4) violation of the Due Process Clause, and (5) legal malpractice under state law.  He seeks monetary damages and injunctive relief including order requiring the OAA to a mandatory reporting system for misconduct during bar examinations, revise examination procedures, and "address past misconduct."  (*Id.* at 30).

II. Analysis

• **Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Vague or unintelligible pleadings violate Rule 8.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

The Complaint does not include a short and plain statement of the claims Plaintiff is asserting as required under Rule 8. Vague and conclusory allegations do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual

contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Furthermore, "[t]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a cognizable claim in federal court Plaintiff must identify, clearly and concisely, the specific claims he is asserting, the specific right allegedly violated in each claim, against which Defendant or Defendants each claim is asserted, the specific factual allegations that support each claim, and what each Defendant did or failed to do that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").

• **Subject Matter Jurisdiction and *Younger* Abstention**

It is not entirely clear from Plaintiff's allegations whether he is asserting that his Colorado bar application has been finally denied or whether it is still pending. If Plaintiff has been denied admission to the Colorado bar, it appears that this Court may lack subject matter jurisdiction over this action. *See Doe v. Pringle*, 550 F.2d 596, 599 (10th Cir. 1976) (holding that the court "is without subject matter jurisdiction to review a final order of the Colorado Supreme Court denying a particular application for admission to the Colorado Bar. This rule applies even though, as here, the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights.").

The Supreme Court of Colorado "has the exclusive authority under the Colorado Constitution to regulate and control the practice of law in Colorado." *Unauthorized Practice of Law Committee v. Prog*, 761 P.2d 1111, 1115 (Colo. 1988). *See also Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1569 n.6 (10th Cir. 1993) ("The regulation of the practice of law is a state matter.").

If Plaintiff's attorney admission proceedings are still ongoing, then *Younger* abstention appears to bar Plaintiff's federal claims. Under the doctrine of *Younger* abstention, this Court must abstain from exercising jurisdiction over any claim asking the Court to intervene in ongoing state judicial or administrative proceedings. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). Abstention under *Younger* is jurisdictional in nature, *see D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004), and is appropriate when three conditions are met:

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). If the three requirements are met, and no exceptions to *Younger* apply, a federal court must abstain from hearing the case. *See Weitzel v. Div. of Occupational & Prof. Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

Plaintiff's amended pleading must overcome these hurdles.

• **Eleventh Amendment Immunity**

To the extent that Plaintiff sues a state officer in her official capacity, he is

advised that the Eleventh Amendment bars claims against employees or agents of the State of Colorado in their official capacities.   See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978).   The State of Colorado has not waived its Eleventh Amendment immunity, see *Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, see *Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).   The Eleventh Amendment does not bar a federal court action against a state if the plaintiff seeks in substance only prospective relief and not retrospective relief for alleged past violations of federal law.   *Verizon Maryland v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002); *see also Ex parte Young*, 209 U.S. 123, 159-60 (1908).

• **Personal Participation**

To the extent Plaintiff is asserting claims under § 1983 against a state official in her individual capacity, he is advised that allegations of "personal participation in the specific constitutional violation complained of [are] essential."   *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("[i]ndividual liability . . . must be based on personal involvement in the alleged constitutional violation.").   In other words, Plaintiff must allege specific facts that demonstrate what each Defendant did or failed to do that allegedly violated his constitutional rights.   There is no vicarious liability under § 1983.   See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

• **Municipal Liability**

To assert a cognizable § 1983 claim against a municipal entity like the City of Aurora, Plaintiff must allege specific facts that demonstrate he suffered a constitutional violation caused by a municipal policy or custom.  See *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).  A municipal entity is not liable under § 1983 solely because municipal employees inflict injury on a plaintiff.  See *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood*, *Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  Plaintiff may show a municipal policy or custom in the form of any of the following:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions - and the basis for them - of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010).

### III. Conclusion

For these reasons Plaintiff must file an amended complaint if he wishes to pursue any claims in this action.

Accordingly, it is

ORDERED that Plaintiff shall file, **within 30 days from the date of this order**, an amended complaint that complies with the directives in this order.  The amended

7

complaint shall not exceed thirty pages in length.   It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint within the time allowed, the action may be dismissed without further notice.

DATED February 20, 2025.

BY THE COURT:

*Richard T. Gurley*

Richard T. Gurley
United States Magistrate Judge