IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02948-RTG

AHMUAN WILLIAMS,

    Plaintiff,

v.

CITY OF AURORA,
JESSICA YATES, Office of Attorney Admissions,
JESSICA YATES, Office of Attorney Regulation,
JOHN DOE, Unnamed Bar Applicant,
DAVID KAPLAN,

    Defendants.

---

# ORDER

---

    The matter before the Court is Plaintiff's motion entitled "Request for Injunction" (ECF No. 3).  Because Plaintiff proceeds *pro se*, the Court liberally construes the motion, but will not act as an advocate.  *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).  The motion be denied for the reasons that follow.

    Plaintiff seeks "a preliminary injunction to extend the expiration date of his bar exam score or bar exam score waiver under Colorado Rules of Civil Procedure 211.3(1)(2)."  (ECF No. 3 at 1).  He seeks a "1.5 year extension" so he can "litigate the issues" in this action, which appear to pertain to his application for admission to the Colorado bar.  (*Id*. at 2; *see also* ECF No. 19 (Complaint)).  He states that if his bar exam score expires he will be required to "undergo the bar application process a second time" which will cause him "financial strain" and a "career setback."  (*Id*.).

1

A party seeking a preliminary injunction must show: (1) a substantial likelihood of prevailing on the merits; (2) that they will suffer irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest.  *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."  *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status quo."  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).  Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs."  *Id.*  A movant requesting a mandatory preliminary injunction that seeks to alter the status quo must make a heightened showing of the four factors listed above.  *See id.* at 1209.

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).  Plaintiff "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered."  *Id.*  "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical."  *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted).  Therefore, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be

irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007) (unpublished). Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189.  A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries.  One will not be granted against something merely feared as liable to occur at some indefinite time in the future."  *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Plaintiff's motion fails to make the required showings.  To start, Plaintiff does not point to certain, great, and actual irreparable injury that will occur if an injunction is not issued.  Plaintiff himself states that he will be able to re-apply for bar admission if his score expires.  His assertion that re-applying will cause him "financial strain" does not support preliminary injunctive relief.  *See Port City Properties v. Union Pac. R. Co.*, 518 F.3d 1186, 1190 (10th Cir. 2008) (economic loss "usually does not, in and of itself, constitute irreparable harm.")  (citation omitted).  Further, the vague allegation that Plaintiff will experience a "career setback" if he is required to re-apply for admission is not an allegation of certain, great, and actual irreparable injury.

Moreover, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)).  As set forth in the Court's February 20, 2025, order to amend (ECF No. 25),  Plaintiff's Complaint does not provide a short and plain statement of the claims in this action. Without a pleading that satisfies Rule 8 of the Federal Rules of Civil Procedure, Plaintiff

fails to establish the requisite relationship between the injury claimed in the motion and conduct alleged in the complaint.

Likewise, Plaintiff fails to allege specific facts that demonstrate a substantial likelihood of prevailing on the merits in this action. And because Plaintiff seeks a disfavored injunction that would alter the status quo, he has not met the heightened burden necessary for such an injunction. Finally, to the extent that Plaintiff's motion was filed pursuant to Fed. R. Civ. P. 65(b), Plaintiff has not complied with the requirements of Fed. R. Civ. P. 65(b)(1) .

Accordingly, it is ORDERED that Plaintiff's motion entitled "Request for Injunction" (ECF No. 3) is DENIED.

DATED at Denver, Colorado, this  21st  day of    February   , 2025.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court