# United States District Court
### for the
### District of Colorado

AHMUAN WILLIAMS, Plaintiff

v.

CITY OF AURORA,
Defendant.

JESSICA YATES, Office of Attorney
Admissions, Defendant.

JESSICA YATES, Office of Attorney
Regulation, Defendant.

JOHN DOE, Unnamed Bar Applicant,
Defendant.

Case No._24-CV-2948 __

**PLAINTIFF'S NOTICE TO DISMISS DEFENDANT DAVID KAPLAN UNDER FED. R. CIV. P. 41(a)(1)**

COMES NOW Plaintiff, Ahmuan Williams, proceeding Pro Se, and respectfully moves this Honorable Court to dismiss Defendant David Kaplan from this action under FED. R. CIV. P. 41(a)(1). In support of this motion, Plaintiff alleges the follows:

1. FED. R. CIV. P. 41(a)(1), gives a plaintiff the voluntary right to dismiss claims against a defendant before the opposing party serves either an answer or motion for summary judgment. *See*, FED. R. CIV. P. 41(a)(1)(i) (allowing voluntary dismissal by plaintiff before a defendant files an answer).

2. D.C.COLO.LCivR 8.1, as amended on December 1, 2024, prevents opposing parties from responding to a Pro Se defendant until the court conducts a unique

1

review of the case. *See*, D.C.COLO.LCivR 8.1 (requiring court review before opposing parties can respond to pro se litigants).

3. Plaintiff originally named David Kaplan as a defendant in this case based on facts and claims asserted in the initial complaint because of his connection to the Office of the State Public Defender and Andrew Blanca's self-defense training. *See*, https://www.youtube.com/watch?v=y6vPVeI_Om8 (training 23 Offices of the State Public Defender self-defense defenses during litigation by using the killing of innocent minority children as examples).

4. David Kaplan has not filed an answer and could not file an answer to the Plaintiff's claims in this case.

5. Minute Order [17] clarified that David Kaplan should not file an answer to Plaintiff's claims.

6. Upon further review and consideration, Plaintiff has determined that continuing claims against Defendant Kaplan is unnecessary and does not further the objectives of this litigation.

7. Plaintiff no longer wishes to pursue claims against David Kaplan and seeks to dismiss him from this lawsuit without prejudice. *See*, FED. R. CIV. P. 41(a)(1)(B) (requiring a voluntary dismissal to be without prejudice).

8. Dismissing Kaplan at this stage will streamline the proceedings and allow the Court and parties to focus on the remaining issues in this case.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court dismiss Defendant David Kaplan from this case without prejudice. Additionally, Plaintiff requests that the

Court grant any other relief it deems just and proper to ensure the fair and efficient resolution of this matter.

Respectfully submitted this 26th day of March, 2025.

_____

Ahmuan Williams

## CERTIFICATE OF SERVICE

I certify that on March 26, 2025 a true and accurate copy of the **PLAINTIFF'S NOTICE TO DISMISS DEFENDANT DAVID KAPLAN UNDER FED. R. CIV. P. 41(A)(1)** was served on the other party by:

☐Hand Delivery, ☐Express Delivery ☒ E-mail, **or** ☐ United States first-class mail, postage pre-paid, and addressed to the following (include name and address):

Bannon, Julie
Jbannon@auroragov.org

Melissa Holmes
mholmes@auroragov.org

David Kaplan
kaplan@slhlegal.com

Lily Nierenberg
lily.nierenberg@coag.gov

_____
Ahmuan Williams

4